THE TOWN OF GULFPORT, a Municipal Corporation, *Plaintiff in Error*. v. THE STATE OF FLORIDA, ex rel. FRED H. DAVIS, Attorney General, and THE DIXIE M. HOLLINS INC., and THE LAUGHNER LAND COMPANY, a Corporation, *Defendant in Error*.

140 So. 192.
Division A.
Opinion filed February 16, 1932.
Judgment Canceled February 18, 1932.
Petition for rehearing denied March 28, 1932.

246

*P. H. Brinson* and *Jefferson D. Stephens*, for Plaintiff in Error;

No appearance for defendant in error.

PER CURIAM.—This was a quo warranto proceeding in the Circuit Court to test the authority of the municipal corporation, Respondent, to exercise jurisdiction over certain lands included within the corporate limits by an Act of the Legislature abolishing the old municipality and creating the new municipality by a Special Act of the session of 1915, being Chapter 7166, Laws of Florida.

The original writ of quo warranto was quashed and an amended information in the nature of quo warranto was filed. To this demurrer was interposed, together with motion to strike certain allegations of the amended information. The demurrer was overruled and the defendants given until the rule day in February in which to plead further. The motion to strike was granted. The respondents refused to plead further.

The only question necessary to the disposition of this case which has not been settled by the opinion and judgment in the case of the State of Florida ex rel. Davis vs. City of Clearwater, filed June 17, 1931, is as to the sufficiency of the description of the boundary line as fixed in the Act of the Legislature. It is contended by the Relators that because the description contained in the Act reads, ''beginning at the Northwest corner of the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of section 34, Township 31, South, Range 16 East, and running thence South to the center of said section'' that there is necessarily a hiatus in the boundary line, because the center of the section can not be reached by a line run

South from the named point of beginning. We consider the contention untenable.

The rule is too well settled in law to require here the citation of authorities in support thereof that where in a description of land there is a conflict in the calls between courses and distances on the one hand and fixed points or monuments on the other, courses and distances must give way to fixed points or monuments and the description will be held to be according to the calls as established by such fixed points and monuments. Therefore, in this description the word "South" may be eliminated as surplusage and the description as left standing with the remainder of the same as it appears in the Act makes a complete boundary.

The law of the case as presented by the pleadings has been settled by this Court adversely to the contention of the Relators in the opinion and judgment in State ex rel. Davis vs. City of Clearwater, supra, for which reason the judgment should be reversed with directions that an Order be entered in the court below sustaining the demurrer to the information. It is so ordered.

Reversed with directions.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., disqualified.

---

JUDGMENT CANCELLED.

PER CURIAM.—Since the filing of the opinion and judgment in this case on February 16th, 1932, it has come to the attention of the Court that the writ of error in this case was issued on the 26th day of March, 1931, and was returnable to the 30th day of June, 1931, and, therefore, the writ of error was made returnable more than ninety days after the date it was issued and gave the Court no jurisdiction of the cause. There has been no appearance

in this Court by the defendant in error and, therefore, the Court has not in any way acquired jurisdiction of the defendant in error.

For the reason stated, the judgment is cancelled and the writ of error is dismissed. It is so ordered.

BUFORD, C.J., AND ELLIS AND TERRELL, J.J., AND KOONCE, Circuit Judge, concur.

WHITFIELD AND BROWN, J.J., absent on account of illness.

DAVIS, J., disqualified.